IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOWN OF HAYNEVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-818-GMB |
| | ) | |
| LULA TYSON-BAILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On October 13, 2016, Plaintiff Town of Hayneville ("Hayneville") filed this action seeking to remedy a town council election marred by the selection of an allegedly unqualified candidate. Doc. 1.  In its Complaint, Hayneville invokes a consent decree entered on September 29, 1988 in *Dillard v. Town of Hayneville*, Civil Action No. 2:87-cv-1230-MHT, but does not explicitly state the grounds for this court's jurisdiction. Doc. 1.

Because federal courts are courts of limited jurisdiction, the court is obligated to determine whether a proper federal jurisdictional basis exists in every case. *See Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003) (stating that federal courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim").  Under federal question jurisdiction, federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  It is the plaintiff's burden to establish subject matter jurisdiction, and the court is not permitted to assume that a basis for jurisdiction exists. *Mulkey v. Land Am. Title Ass'n, Inc.*, 345 F. App'x 525, 526 (11th Cir. 2009).

As it currently stands, Hayneville's complaint does not sufficiently allege the basis for this court's subject matter jurisdiction.  Accordingly, it is ORDERED that, **on or before November 22, 2016**, Hayneville shall either (1) amend its complaint to properly allege the basis for this court's subject matter jurisdiction, or (2) submit a brief articulating the basis for subject matter jurisdiction and addressing Hayneville's standing to bring suit.  **Failure to plead the necessary jurisdictional prerequisites or submit a brief in a timely manner will result in a recommendation that this case be dismissed for lack of subject matter jurisdiction.**

DONE this 8th day of November, 2016.

>    /s/ Gray M. Borden
>    UNITED STATES MAGISTRATE JUDGE