**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TOWN OF HAYNEVILLE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:16-cv-00818 GMB** |
| ) | |
| **TYSON-BAILEY, et al,** ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF FEDERAL COURT JURISDICTION
OVER TOWN OF HAYNEVILLE v. TYSON-BAILEY et al.**

**COMES NOW** the Town of Hayneville, by and through undersigned counsel, and hereby files its Brief in Support of Federal Court Jurisdiction and as grounds, states as follows:

This matter is before the Court on an election dispute in which *Dillard v. Town of Hayneville,* Civil Action 2:87-cv-1230-MHT in the District Court of the United States for the Middle District of Alabama, Northern Division, is presently open and is under the jurisdiction and supervision of the Federal Court. The original case is before the court on various violations of the Voting Rights Act of 1965. The Consent Decree requires that all town council members be elected from two multi-membered districts:

> (1) The town council shall consist of 5 members elected from 2 multi-member districts; one district shall elect 2 council members and the other district shall elect 3 council members as set out in order; map and descript of districts attached; members so elected shall continue to have 4 year terms; (2) Elections shall be conducted at the regularly scheduled municipal elections in the summer of 1988; (3) defendant shall request local legislative delegation to enact legislation providing for the form of government agreed to herein; court ordered form shall remain in effect only until such legislation is enacted by the legislature and pre-cleared in accordance with the provisions of the Voting Rights Act of 1965; (4) In accordance with the provisions of Section 11-46-24, Code of Alabama, 1975, a polling place shall be provided in each of the multi-member districts; the location of the new polling places will be determined after consultation with members of the black community; black citizens will be appointed as poll officials and to serve

1

>on boards and committees in numbers that reasonably reflect the racial composition of the municipality. (5) Defendant will adopt a plan to assign voters to multi-member districts not later than 6 months prior to scheduled election and shall be implemented and completed not later than 3 months prior to election. (6) Plaintiffs are prevailing parties for the purpose of attorneys' fees, etc.; if not resolved by parties the court will, upon proper motion by any party, set the issue for hearing."

As of today's date, the Town of Hayneville is not in compliance with subsections 3 and 4 of the court's decree outline above.

Since the filing of this complaint, a state court action has been filed by electors Darshini Bandy, Connie Johnson and Justin Pouncey requesting to **appoint** a council member to fill the seat in which a convicted felon was elected, which would be in direct violation of the Consent Decree in 2:87-cv-1230-MHT. (See attached "Exhibit A") Council District "A" has not been certified due to the election dispute.

In the present case, the Town of Hayneville is presently not in substantial compliance and if council members are allowed to be appointed instead of elected, then the mere essence of the original Consent Decree will be violated. Because Hayneville is not in substantial compliance, this places the Town squarely under the continued jurisdiction of this court. In *R.C. Ex Real. Alabama Disabilities Advocacy Program v. Walley*, 390 F. Supp. 2d 1030 (M.D. Ala. 2005), the Court stated "Notwithstanding the exceptional strides by defendant, the parties entered into a voluntary agreement which they, not the court, set out the governing standards for compliance in the provisions for termination of the Consent Decree. While the court is ever mindful that consent decrees are "not intended to operate in perpetuity," *Board of Education v. Dowell*, 498 U.S. 237, 248, 111 S.Ct. 630, 112 L.Ed. 2d 715 (1991), termination is premature until such time that Defendant has sustained his twofold burden of showing substantial compliance." A consent decree is a settlement

agreement subject to continued judicial policing.  *Williams v. Vukovich*, 720 F.2d 909,920 (6th Cir. 1983).

Just as in the *Alabama Disabilities Advocacy Program v. Walley* case, the Federal Court maintains jurisdiction for purposes of resolving disputed matters such as those that exists in the present case.  "Not only is the court's jurisdiction over this matter explicitly set out in the Consent Decree, but also is implicit in the court's inherent jurisdiction over its decrees.  *Vanguards of Cleveland v. City of Cleveland*, 23 F.3d 1013, 1018 (6th Cir. 1994); *Berger v. Hekler*, 771 F.2d 1556, 1568 (2d Cir. 1985) ("Consent decrees are subject to continuing supervision and enforcement by the court.")

The very heart of the original complaint was brought by African-Americans challenging city policies and violations of the Voting Rights Act of 1965 which was widespread throughout the State of Alabama.  The Court described how future elections were be held in the Town of Hayneville, and the Town is now seeking the continued enforcement of the original Consent Decree.

**WHEREFORE**, the Town of Hayneville respectfully requests this Honorable Court to continue to exercise jurisdiction over the specific matter of municipal elections as outlined in *Dillard v. Town of Hayneville*, Civil Action 2:87-cv-1230-MHT in the District Court of the United States for the Middle District of Alabama, Northern Division.

**RESPECTFULLY** submitted this 22nd day of November, 2016.

    /s/ *Michael G. Strickland*
**MICHAEL G. STRICKLAND**
**(ASB-3871-S63M)**
**Attorney for Town of Hayneville**

**OF COUNSEL:**
Strickland & Kendall, LLC
2740 Zelda Rd, Suite 500 (36106)
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239
mgs@jurytrial.us

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date served a copy of the foregoing pleading on all parties by placing a copy to each in the United States mail, first class postage prepaid, on this the 22nd day of November, 2016.

Lula Tyson-Bailey
P.O. Box 264
Hayneville, AL 36040

Rickey Bell
39 Cedar Pine Drive
Hayneville, AL 36040

Kim Payton
P.O. Box 883
Hayneville, AL 36040

Carole C. Scrushy
P.O. Box 247
Hayneville, AL 36040

                                            /s/ *Michael G. Strickland*
                                            Of counsel