### IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **TOWN OF HAYNEVILLE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 2:16-cv-00818 GMB** |
| ) | |
| **TYSON-BAILEY, et al,** ) | |
| ) | |
| Defendants. ) | |

### AMENDED COMPLAINT

This action arises out of the Town of Hayneville's Council District "A" election on August 23, 2016.  Among other relief, Plaintiff Town of Hayneville ("Plaintiff and/or "Hayneville") asks the Court to declare the August 23, 2016 Council District "A" Election void *ab initio* and order that Hayneville hold an election for the four (4) qualified candidates which were on the ballot for August 23, 2016 or in the alternative, Hayneville asks the Court to declare that the top three candidates in District "A" receiving the most votes be declared and certified the winners of the Town of Hayneville District "A" Council Election.  In support of such relief, Hayneville alleges as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff is a Class 8 Municipality in the State of Alabama, County of Lowndes, subject to and under a **Federal Consent Decree, Civil Action 2:87-cv-1230-MHT** in the District Court of the United States for the Middle District of Alabama, Northern Division through a derivative of 85-T-1332-N, *John Dillard, et al. v. Crenshaw County, Alabama, et al*. pursuant to the September 29, 1988 Consent Decree which reads as follows:

1

"CONSENT DECREE that defendant, its agents, etc., are **ENJOINED** from conducting elections for the town council under the present at-large election system, and are FURTHER **ENJOINED** as follows: (1) The town council shall consist of 5 members elected from 2 multi-member districts; one district shall elect 2 council members and the other district shall elect 3 council members as set out in order; map and descript of districts attached; members so elected shall continue to have 4 year terms; (2) Elections shall be conducted at the regularly scheduled municipal elections in the summer of 1988; (3) defendant shall request local legislative delegation to enact legislation providing for the form of government agreed to herein; court ordered form shall remain in effect only until such legislation is enacted by the legislature and pre-cleared in accordance with the provisions of the Voting Rights Act of 1965; (4) In accordance with the provisions of Section 11-46-24, Code of Alabama, 1975, a polling place shall be provided in each of the multi-member districts; the location of the new polling places will be determined after consultation with members of the black community; black citizens will be appointed as poll officials and to serve on boards and committees in numbers that reasonably reflect the racial composition of the municipality. (5) Defendant will adopt a plan to assign voters to multi-member districts not later than 6 months prior to scheduled election and shall be implemented and completed not later than 3 months prior to election. (6) Plaintiffs are prevailing parties for the purpose of attorneys' fees, etc.; if not resolved by parties the court will, upon proper motion by any party, set the issue for hearing."

The Federal Consent Decree, Civil Action 2:87-cv-1230-MHT, which the Town of Hayneville is operating under for Municipal Elections is still open, active and pending. The Municipality of Hayneville is still under the supervision and jurisdiction of the Consent Decree. *R.C. Ex Real. Alabama Disabilities Advocacy Program v. Walley*, 390 F. Supp. 2d 1030, U.S. Middle District, Northern Division (May 13, 2005).

Hayneville is entitled to maintain this action for declaratory judgment under this election contest as it is subject to the Consent Decree still in effect from the Middle District of Alabama, Northern Division as the Consent Decree required council members to be "elected."

2.      Defendants Lula Tyson-Bailey, Rickey Bell, Kim Payton, and Carole C. Scrushy are all individuals who were qualified candidates for the City Council District "A" Council Member seats.

## THE TOWN OF HAYNEVILLE'S CLAIM

3.     The Town of Hayneville held its general election on August 23, 2016.  Council Member District "A", which consists of three (3) city council seats, are the only district seats which are at issue.

4.     At the time of the election, there were five (5) candidates for the three (3) seats in District "A".

5.   The candidates running were Lula Tyson-Bailey, Rickey Bell, Roy Meadows, Kim Payton, and Carole C. Scrushy.

6.     The election was held and the voting breakdown is as follows:

   a.   Lula Tyson-Bailey –   93 votes
   b.   Rickey Bell –         71 votes
   c.   Roy Meadows –         102 votes
   d.   Kim Payton –          129 votes
   e.   Carole C. Scrushy –   85 votes

7.     At the time of the election, Roy Meadows was not a qualified elector and should not have been listed as a candidate for Council District "A's" office.

8.     Roy Meadows was not a qualified elector in that he was a convicted felon who had not had his rights restored.

9.     On September 7, 2016, a contest of the Town of Hayneville's council election of Roy Meadows in District "A" was heard before the Circuit Court of Lowndes County, Alabama.

10.    Said election contest was brought by Rickey Bell, pro se, and Carole C. Scrushy, pro se.

11.    On September 13, 2016, the Honorable Terri Bozeman-Lovell, Circuit Judge for the 2nd Judicial Circuit of Alabama, declared that Roy Meadows was ineligible to run for Council District "A" as a council person for the Town of Hayneville on August 23, 2016 and declared,

pursuant to Ala. Code 1975 § 11-46-70, that the election of Roy Meadows is void, and certified and directed the Town of Hayneville that said vacancy shall be filled in the manner prescribed by law. (See Exhibit "1", Order.)

12. To prevent the voters in District "A" from becoming disenfranchised, a new election for the four (4) qualified candidates must take place. Roy Meadows received 102 votes which legally should not have been cast for him. Those 102 voters would or could have possibly cast their votes for one of the other four (4) qualified candidates if Roy Meadows had not been wrongfully listed as a qualified elector for District "A". In addition, the Consent Decree before this Honorable Court requires all council persons to be **elected** and not appointed to prevent discriminatory actions from taking place in Alabama elections.

13. The new electors for the Town of Hayneville are scheduled to be sworn into office on November 7, 2016.

14. Hayneville does not disagree that the Code of Alabama provides an avenue of appointment when a council member seat becomes vacant. However, following such guidelines would disenfranchise hundreds of voters and would cause the Town of Hayneville to not follow the very essence of the Consent Decree before this Honorable Court which requires the "election" of council members to hold office, especially since Roy Meadows was never a qualified elector and should have never been placed on the Town of Hayneville's ballot for election to Council District "A".

**WHEREFORE**, premises considered, Plaintiff Hayneville prays that this Honorable Court will issue a declaratory judgment action declaring Town of Hayneville's August 23, 2016 Council District "A" election void *ab initio* and require Hayneville to hold an election between the four (4) qualified electors, Lula Tyson-Bailey, Rickey Bell, Kim Payton, and Carole C. Scrushy, or allow

4

the three (3) qualified electors receiving the most votes on August 23, 2016 be certified as the winners. Hayneville further prays for such other, further, or different relief as may be warranted for Council District "A".

   **RESPECTFULLY** submitted this 22nd day of November, 2016.

              /s/ *Michael G. Strickland*
              **MICHAEL G. STRICKLAND**
              **(ASB-3871-S63M)**

**OF COUNSEL:**
Strickland & Kendall, LLC
2740 Zelda Rd, Suite 500 (36106)
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239
mgs@jurytrial.us

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have this date served a copy of the foregoing pleading on all parties by placing a copy to each in the United States mail, first class postage prepaid, on this the 22nd day of November, 2016.

Lula Tyson-Bailey
P.O. Box 264
Hayneville, AL 36040

Rickey Bell
39 Cedar Pine Drive
Hayneville, AL 36040

Kim Payton
P.O. Box 883
Hayneville, AL 36040

Carole C. Scrushy
P.O. Box 247
Hayneville, AL 36040

              /s/ *Michael G. Strickland*
              Of counsel