IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOWN OF HAYNEVILLE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-818-MHT-GMB |
| ) | |
| LULA TYSON-BAILEY, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 25. For the reasons stated herein, the Magistrate Judge RECOMMENDS that Defendant Lula Tyson-Bailey's motion to dismiss (Doc. 20) be GRANTED and that this case be DISMISSED without prejudice.

### **I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 13, 2016, Plaintiff Town of Hayneville ("Hayneville") filed this lawsuit seeking to remedy a town-council election marred by the election of an allegedly unqualified elector. Doc. 1. The election, which was held on August 23, 2016, featured five candidates for three seats in District "A" of the Town Council in Hayneville, Alabama. Doc. 19 at 3. Four of the candidates were Lula Tyson-Bailey, Rickey Bell, Kim Payton, and Carole C. Scrushy (collectively, "Defendants"), all of whom are named as defendants in this case, and the fifth was Roy Meadows. Doc. 19 at 3. Hayneville alleges that

Meadows, who won a seat, was not a qualified elector because he is a convicted felon. Doc. 19 at 3.

On September 13, 2016, a judge on the Circuit Court for the Second Judicial Circuit of Alabama declared that Meadows was ineligible, that his election is therefore void, and that the vacancy shall be filled by appointment as prescribed by Alabama law. Doc. 19 at 3–4. Hayneville contends that an appointment, while admittedly lawful under state law, would "disenfranchise hundreds of voters" and does not comply with a consent decree entered on September 29, 1988 in the Middle District of Alabama civil case styled as *Dillard v. Town of Hayneville*, 2:87-cv-1230-MHT. Doc. 19 at 4. The consent decree reads as follows:

> CONSENT DECREE that defendant, its agents, etc., are **ENJOINED** from conducting elections for the town council under the present at-large election system, and are FURTHER **ENJOINED** as follows: (1) The town council shall consist of 5 members elected from 2 multi-member districts; one district shall elect 2 council members and the other district shall elect 3 council members as set out in order; map and descript of districts attached; members so elected shall continue to have 4 year terms; (2) Elections shall be conducted at the regularly scheduled municipal elections in the summer of 1988; (3) defendant shall request local legislative delegation to enact legislation providing for the form of government agreed to herein; court ordered form shall remain in effect only until such legislation is enacted by the legislature and pre-cleared in accordance with the provisions of the Voting Rights Act of 1965; (4) In accordance with the provisions of Section 11-46-24, Code of Alabama, 1975, a polling place shall be provided in each of the multi-member districts; the location of the new polling places will be determined after consultation with members of the black community; black citizens will be appointed as poll officials and to serve on boards and committees in numbers that reasonably reflect the racial composition of the municipality. (5) Defendant will adopt a plan to assign voters to multi-member districts not later than 6 months prior to scheduled election and shall be implemented and completed not later than 3 months prior to election. (6) Plaintiffs are prevailing parties for the purpose of attorneys' fees, etc.; if not

> resolved by parties the court will, upon proper motion by any party, set the issue for hearing.

*Dillard*, 2:87-cv-1230-MHT, Doc. 1. Hayneville alleges that it is subject to this decree, which it claims is "still in effect from the Middle District of Alabama." Doc. 19 at 2. It is this consent decree through which Hayneville invokes the court's subject-matter jurisdiction. Doc. 19 at 2.

On October 26, 2016, three of the defendants filed answers admitting the allegations in Hayneville's original complaint and "submitting" to this court's jurisdiction. *See* Docs. 9–11. Tyson-Bailey, on the other hand, filed a response to the original complaint asking the court to "deny the request" and uphold the court-ordered appointment. *See* Doc. 12. On November 8, 2016, the court issued an order directing Hayneville to articulate the basis for the court's subject-matter jurisdiction, either by filing an amended complaint or a supplemental brief. *See* Doc. 16. In response, Hayneville filed an amended complaint, which now serves as its operative pleading. Doc. 19. Subsequently, Tyson-Bailey filed a motion to dismiss (Doc. 20), which is now ripe for the court's review.

## II. DISCUSSION

Federal courts are "courts of limited jurisdiction." *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two paths to federal subject-matter jurisdiction: a federal question and diversity of citizenship. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).[1] Under federal-question jurisdiction,

---

[1] Diversity jurisdiction requires the parties on each side of the suit to be citizens of different states and the matter in controversy to exceed $75,000. *See* 28 U.S.C. § 1332. The parties to this lawsuit are not diverse.

3

federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). It is the plaintiff's burden to establish subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Here, the only purported basis for a federal question is the existence of the consent decree in *Dillard*. A consent decree is "an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992). "A claim for the enforcement of a settlement agreement is essentially a contract dispute for which there must be some independent basis for federal jurisdiction." *Slaughter v. U.S. Dept. of Agric.*, 555 F. App'x 927, 929 (11th Cir. 2014) (citing *Kokkonen*, 511 U.S. at 381–82)). Where the court "embod[ies] the settlement contract in its dismissal order," as the *Dillard* court did here, the court retains jurisdiction to hear alleged violations of the consent decree. *See Kokkonen*, 511 U.S. at 381–82.

Though Hayneville contends that it is subject to the consent decree established in *Dillard*, the court in that case later stated that "[t]he injunction contained in the prior judgment of the court to the extent it pertains to defendant Town of Hayneville is dissolved." *Dillard*, 2:87-cv-1230-MHT, Doc. 4. This is because, as the court noted, its consent decree had been codified into Alabama law:

4

> It is DECLARED as the judgment of this court that Alabama Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree the court entered on September 29, 1988 providing that the Town Council of the Town of Hayneville consist of five members elected from two multi-member districts, one of two members and the other of three members, with all members so elected to continue to serve four-year terms.

*Dillard*, 2:87-cv-1230-MHT, Doc. 4.  That Act, codified at Alabama Code § 11-80-12, provides as follows:

> Notwithstanding any other provision of law to the contrary, any board of education, county commission, or municipal governing body whose currently serving members have been elected by a method of election and a specific number of seats prescribed by a federal court shall retain that manner of election and composition until such time as the method of election or number of seats is changed in accordance with general or local law. This section shall not apply in any county where a federal court has overturned the previous order concerning the manner of election and the number of members of a county commission and shall not apply in any county where there is currently pending litigation, or appeals relating thereto, challenging previous court orders or consent orders concerning the manner of elections or the number of members or districts of a county commission.

Ala. Code § 11-80-12 (1975).

Reading § 11-80-12 in conjunction with the order dissolving the injunction as to Hayneville leads inexorably to the conclusion that Hayneville is no longer subject to a consent decree arising out of the *Dillard* litigation.  Indeed, the decree itself directed Hayneville to request a local legislative delegation to enact legislation codifying its provisions and expressly stated that the decree "shall remain in effect only until such legislation is enacted by the legislature." *Dillard*, 2:87-cv-1230-MHT, Doc. 1.  Following the consent decree's codification into state law and the court's order recognizing the dissolution of its oversight of Hayneville, the subject of this lawsuit (namely, the system

5

by which Hayneville elects its Town Council) became exclusively a state-law issue. Absent a federal question presented on the face of the well-pleaded complaint, this court does not possess subject-matter jurisdiction over this dispute. This case is due to be dismissed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant Lula Tyson-Bailey's motion to dismiss (Doc. 20) be GRANTED, and that this case be DISMISSED without prejudice due to this court's lack of subject-matter jurisdiction**.**

It is further ORDERED that the parties shall file any objections to this recommendation **on or before March 7, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which an objection is being asserted. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 21st day of February, 2017.

                                                /s/ Gray M. Borden  
                                    UNITED STATES MAGISTRATE JUDGE